**Dennis Steinman,** OSB No. 954250
dsteinman@kelrun.com
**Matthew C. Ellis,** OSB No. 075600
mellis@kelrun.com
Kell, Alterman & Runstein, LLP
520 S.W. Yamhill, Suite 600
Portland, OR 97204
Telephone: 503/222-3531
Fax: 503/227-2980
**Attorneys for Plaintiffs**

FILED 10 MAY 27 13:51 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| RICHARD B. GALBRAITH, individually, DIANA K. GALBRAITH; individually, RICHARD GALBRAITH, INC.; a California corporation; TIMOTHY KEVIN ANDERSON, individually; ANDERSON & ANDERSON LLC; a California limited liability company; MARC A. GRUPPOSO, individually; RAMONA L. M. GRUPPOSO, individually; MICHAEL M. SCHWEBEL, individually; PATTI S. SCHWEBEL, individually; CLEAN REFLECTIONS, INC.; a California corporation; JAMES M. FITZGERALD, individually; KATHERINE HYUNJOO L. AHN, individually; LEADING PROVIDENCE, INC., a California corporation; TODD M. JOHNSON, individually; CHELSEA A. JOHNSON, individually; STEPHANIE COOK, individually; COOK ENTERPRISES, LLC, a California limited liability company; CAROLE ANN WELSCH, individually; BRAD B. BOYD, individually; ABACUS MARKETING LLC, an Oregon limited liability company; RONALD J. HIGHTOWER, individually; JANE E. HIGHTOWER, individually; ADAM S. BURTON, **individually;** ADAM BURTON ENTERPRISES, LLC, an Idaho limited liability company; LISA ROSS | **Case No. CV 10-0171BR**<br><br>**TEMPORARY RESTRAINING ORDER** |

**Temporary Restraining Order**                                                                                                 Page 1

BLACKLOCK, individually; **JIMMIE W. BLACKLOCK**, individually; **and CAROLYN S. SMITH**, individually,

                **Plaintiffs,**

                v.

**MARGO SLOAN; DRY CLEANING TO-YOUR-DOOR, INC.,**

                **Defendants.**

---

Plaintiffs' Motion for a Temporary Restraining Order has been presented to this court. After reviewing all pertinent pleadings, the Motion for a Temporary Restraining Order and the Declaration of Matthew C. Ellis in support of the Motion, the Court determines that Plaintiffs' Motion should be granted. The Court therefore makes the following findings:

    1.    A Temporary Restraining Order is necessary in this case because, if the Motion were not granted, Plaintiffs would be immediately and irreparably harmed. Defendants appear to have already begun to take steps to hide, transfer or dissipate assets for the purposes of avoiding paying what will become a judgment in the present case, and are communicating with a company that appears to specialize in assisting persons in efforts to avoid paying valid debts and avoiding the jurisdiction of United States courts. Liability has been established in this case, and default has been entered against Defendants. There will be a judgment against Defendants in this case and only the nature and amount of the judgment needs to be determined.

    2.    Plaintiffs' have provided the Court with sufficient evidence that immediate and irreparable injury will result before Defendants can be heard in opposition to Plaintiffs' Motion. Further, Plaintiffs' counsel has certified in writing the reasons supporting why notice should not be required. The Court finds this evidence and certification compelling and, as a result, pursuant to Federal Rules of Civil Procedure 65(b)(1), the Court issues this Order without notice to

Defendants.

3. Since liability has been established and a judgment will be entered in this case against Defendants, no bond is required to be posted by Plaintiffs for this Order. In addition, there are no valid reasons why Defendants should be permitted to transfer money into accounts for the purposes of avoiding paying valid debts, or otherwise hiding assets.

IT IS THEREFORE ORDERED, that:

1. All Defendants are immediately enjoined from taking any action that is calculated to hide, transfer or dissipate assets that could be used to satisfy a judgment in the present case.

2. Plaintiffs are permitted to engage in discovery, including interrogatories and depositions, regarding Defendants' assets.

3. This Order shall expire on June 9, 2010 at 1:00 pm unless otherwise extended by the Court.

4. A show cause hearing is set for June 9, 2010 at 1:00 pm in Room 14A of the District of Oregon Courthouse in Portland, Oregon to determine whether to continue this Order, permit it to expire, or modify the Order to become a preliminary or permanent injunction against Defendants.

DATED this 27th day of May, 2010 at 1:45 o'clock, pm.

_____
U.S. District Court Judge Anna Brown
District of Oregon